UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FINVARI INC,<br><br>Plaintiff(s),<br>v.<br><br>RIGID CONSTRUCTORS LLC,<br><br>Defendant(s). | CASE NO. C26-3582-KKE<br><br>ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER |

On September 23, 2026, Plaintiff Finvari Inc. ("Finvari") filed a complaint, entitled "Complaint for Emergency Equitable Relief and Application for Temporary Restraining Order and Preliminary Injunction," against Defendant Rigid Constructors LLC ("Rigid"). Dkt. No. 1. In its requests for relief, Plaintiff petitions the Court for "Emergency Injunctive Relief / Temporary Restraining Order" (*id.* at 9–10) and "Preliminary Injunction" (*id.* at 10–11).

"Local Civil Rule 7 requires a motion before relief can be granted; a plaintiff cannot simply embed such request for relief in [the plaintiff's] complaint." *Doe v. G6 Hosp. Prop. LLC*, 817 F. Supp. 3d 1074, 1081 n.1 (W.D. Wa. 2025) (citing Local Rules W.D. Wash. LCR 7). The local rules of this district further provide that "[m]otions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." Local Rules W.D. Wash. LCR 65(b)(1). Local Rule 65(b)(1) further states:

> Unless the requirements of [Federal Rule of Civil Procedure] 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the

> opposing party, by electronic means if available, before or contemporaneously with the filing of the motion and include a certificate of service with the motion. The motion must also include contact information for the opposing party's counsel[.]

*Id.* Federal Rule of Civil Procedure 65(b)(1)(B) requires that a court may issue an *ex parte* temporary restraining order only if the moving party's attorney describes in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1)(B).

Plaintiff's complaint (Dkt. No. 1) does not comply with the requirements of the local rules or federal rules insofar as it seeks a temporary restraining order or other injunctive relief. First, to the extent Plaintiff seeks emergency injunctive relief, Plaintiff must file a motion; a request for such relief cannot come embedded in Plaintiff's complaint. Second, Plaintiff does not include a certification describing its efforts to notify Rigid of the request, nor does it address why an *ex parte* temporary restraining order is appropriate. Accordingly, Plaintiff's request for a temporary restraining order is DENIED.

Dated this 24th day of September, 2026.

Kymberly K. Evanson
United States District Judge