UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FINVARI INC,<br><br>Plaintiff(s),<br>v.<br><br>RIGID CONSTRUCTORS LLC,<br><br>Defendant(s). | CASE NO. C26-3582-KKE<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on the motion for temporary restraining order of Plaintiff Finvari, Inc. ("Finvari"). Dkt. No. 12. Because Finvari's complaint (Dkt. No. 1) alleges no substantive causes of action, the Court cannot determine Finvari's likelihood of success on the merits and, therefore, must deny the motion.

On September 23, 2026, Finvari filed a complaint, entitled "Complaint for Emergency Equitable Relief and Application for Temporary Restraining Order and Preliminary Injunction," against Defendant Rigid Constructors LLC ("Rigid"). Dkt. No. 1. In its requests for relief, Finvari petitions the Court for "Emergency Injunctive Relief / Temporary Restraining Order" (*id.* at 9–10) and "Preliminary Injunction" (*id.* at 10–11). The complaint styles those requests for relief as causes of action or claims, and it alleges no other claims against Rigid. *See id.* at 9–11.

On September 24, 2026, the Court denied Finvari's request for a temporary restraining order ("TRO") because the complaint did not comply with the requirements of the local rules of

this district or the Federal Rules of Civil Procedure insofar as it sought a TRO or other injunctive relief without an accompanying motion. Dkt. No. 10. Specifically, the Court noted deficiencies with respect to Local Civil Rule 7, which requires a party file a motion for such relief that is separate from the complaint, and Local Rule 65(b)(1) and Federal Rule of Civil Procedure 65(b)(1)(B), which require a party seeking a TRO to either serve all motion papers on the opposing parties and file a certificate of service or file a certification by the moving party's attorney describing any efforts to give notice and the reasons why notice should not be required. *Id.* at 1–2 (citing Local Rules W.D. Wash. LCR 7, 65(b)(1); Fed. R. Civ. P. 65(b)(1)(B)).

On September 29, 2026, Finvari filed an affidavit of service, attesting to service of the complaint on Rigid. Dkt. No. 11. On the same day, Finvari filed the motion for TRO now pending before the Court (Dkt. No. 12) and an amended motion for a prejudgment writ of attachment (Dkt. No 13). In the motion for TRO, Finvari clarified that it "no longer seeks relief without notice" and that "Rigid is being formally served with process, and this Motion and its supporting papers are being served on Rigid by electronic means contemporaneously with filing." Dkt. No. 12 at 3. The motion includes a certificate of service. *Id.* at 11. Rigid has not appeared in this case to respond to Finvari's motions or answer the complaint.

A temporary restraining order is an extraordinary remedy that is never awarded as of right. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). As Finvari observes (Dkt. No. 12 at 6), a party seeking a temporary restraining order must satisfy each of the four so-called *Winter* factors, including the party's "likelihood of success on the merits." *See Winter*, 555 U.S. at 20; *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (preliminary injunction and TRO standards are "substantially identical"). The "likelihood of success on the merits" inquiry "refers to success on the merits of the legal causes of action in the complaint, not the likelihood of success on the motion." *Giannini v. County of Sacramento*, No.

21-cv-0581, 2022 WL 3083935, at *4 (E.D. Cal. Aug. 3, 2022) (citing *Edmo v. Corizon, Inc.*, 935 F.3d 757, 784 n.13 (9th Cir. 2019)); *Neiswender v. Bank of Am.*, No. C 09-2595 PJH, 2009 WL 1834406, at *1 (N.D. Cal. June 23, 2009) ("Absent a complaint, the court cannot determine whether the plaintiff is likely to succeed on the merits, as 'success on the merits' refers to the likelihood of prevailing on the causes of action asserted in the complaint." (citing *In re Focus Media Inc..,* 387 F.3d 1077, 1086 (9th Cir. 2004))).

The Court cannot find that Finvari is likely to succeed on the merits of the legal causes of action alleged in its complaint because Finvari's complaint does not allege any legal causes of action. "[I]njunctive relief … is not a standalone cause of action but a remedy that must be supported by a viable substantive cause of action." *Yellowcake, Inc. v. Morena Music, Inc.*, 522 F. Supp. 3d 747, 766 (E.D. Cal. 2021); *Ayers v. Richards*, No. C08-5541 RJB/KLS, 2009 WL 3245438, at *3 (W.D. Wash. Oct. 5, 2009) ("A temporary restraining order and a preliminary injunction are requests for relief, not freestanding causes of action."); *Kaplan v. Univ. of Louisville*, 10 F.4th 569, 587 (6th Cir. 2021) ("Injunctive relief is not a cause of action, it is a remedy." (internal quotation marks and citation omitted)). Though Finvari's motion for TRO suggests Finvari contemplates "claims for breach of contract, breach of the implied covenant of good faith and fair dealing, account stated, unjust enrichment, and fraudulent misrepresentation" (Dkt. No. 12 at 7), no such causes of action are alleged in Finvari's complaint. *See* Dkt. No. 1 at 9–11. Rather, the complaint alleges injunctive remedies—TRO and preliminary injunction—as if they are causes of action and contemplates that Finvari will pursue its substantive claims in the parties' pending arbitration. *See id.* at 9 ("Finvari has a strong likelihood of success on the merits in the pending arbitration."). To that end, Finvari affirmatively pleads that disputes arising under its Corporate Account Agreement with Rigid must be resolved by arbitration (*id.* at 4), and both its

motion and complaint indicate that Finvari seeks to enforce its contractual rights in that forum, not in this Court.

Because Finvari's complaint does not assert substantive causes of action in this case, the Court does not find Finvari has shown it is likely to succeed on the merits. Accordingly, the Court DENIES Finvari's motion for TRO and preliminary injunction. Dkt. No. 12.

Finvari is further ORDERED TO SHOW CAUSE by October 14, 2026, why this case should not be dismissed for failure to state a claim for the reasons stated herein.

Dated this 7th day of October, 2026.

Kymberly K. Evanson
United States District Judge